STRATER v. KEYES et al.

(Circuit Court, D. Massachusetts. July 12, 1895.)

No. 468.

PATENTS—DRAINER FOR DRAFT APPARATUS.

The Strater reissue, No. 11,371, for a drainer for draft apparatus, and original patent No. 481,981, to the same inventor, for a drainer plate, *held* void for want of patentable invention.

This was a bill by Herman Strater against George C. Keyes and others for infringement of two patents relating to drains for draft apparatus.

Geo. L. Roberts, for complainant.
J. Steuart Rusk, for respondents.

CARPENTER, District Judge. This is a bill to restrain an alleged infringement of reissue patent No. 11,371, issued October 3, 1893, to Herman Strater, for drainer for draft apparatus, and patent No. 481,981, issued September 6, 1892, to Herman Strater, for drainer plate. The claims of the reissue patent alleged to be infringed are as follows:

(3) In a drainer, a group of open and closed vessels, conveying pipes in part within the closed vessels, and the draft faucets therefor, combined with a removable cover for the closed vessels, a transversely corrugated plate secured on the rear part of said cover, and detachable drainer plates raised above the front portion of said cover, with a waste pipe common to the drainer plate and the closed receptacle, substantially as described and set forth. (4) In a draft apparatus, a drainer box provided with an ice chamber or receptacle adapted to receive coils of pipe, through which the liquid to be drawn passes, said receptacle having a removable cover, the rear part of the upper surface of which is corrugated, and the front portion of which is apertured to serve as a drainer, combined with a conduit to convey away the waste liquid from the drainer.

The claim of patent No. 481,981 alleged to be infringed is as follows:

(3) In combination with a drainer box and its noncontiguous slats, a drainer composed of a series of corrugated plates, as an integral sheet, and a series of transverse pendent fastening strips adapted to pass between the slats and be bent there against, substantially as described.

I shall state only in the most general way the ground on which I base my decision, which ground is that the devices shown in the patents disclose no patentable invention, when taken by themselves, being only arrangements of well-known devices to accomplish easily perceived results, and being entirely within the reach of ordinary constructing mechanical skill, without the exercise of any inventive faculty; and especially that they disclose no patentable invention, in view of devices then existing and in use, particularly the apparatus which was in use in the Rossmore Hotel, which is clearly shown in the record, and, so far as appears to me, performs every function of the patented apparatus. The bill will therefore be dismissed, with costs of the respondents.